IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01357-PAB-KMT

ENRIQUE RAMIREZ,
GUILLERMO MUNOZ, and
MARCOS VILLASENOR, on their own behalf and on behalf of all others similarly
situated,

      Plaintiffs,

v.

3 MARGARITAS XVIII, INC.,
IGUANA, INC., d/b/a 3 Margaritas XXVII,
TETITAN, INC., d/b/a 3 Margaritas XX,
GUSTAVO MORALES,
DAVID VILLASENOR, and
HECTOR MURGUIA,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Joint Motion for Approval of Settlement Agreement [Docket No. 21] filed by plaintiffs Enrique Ramirez, Guillermo Munoz, and Marcos Villasenor, as well as defendants 3 Margaritas XVIII, Inc., Iguana, Inc, Tetitan, Inc., Gustavo Morales, David Villasenor, and Hector Murguia.  The parties request that the Court approve their settlement agreement, which resolves all of plaintiffs' claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

Plaintiffs were employees in restaurants owned by defendants.  Docket No. 1 at 2, ¶¶ 7-9.  Plaintiffs claim that, although they worked more than fifty hours per week, defendants provided compensation for only forty hours and did not pay overtime wages.

*Id.* at 4-5.  Although plaintiffs filed this case as a collective action on behalf of themselves and those similarly situated, plaintiffs have not filed a motion to certify a class and no other employees have joined the case.

On November 16, 2012, the parties filed the present motion stating that they have reached a settlement agreement with regard to the FLSA claims and requesting that the Court approve the agreement.  Docket No. 21.  The parties also indicated that, if the Court approves the settlement agreement, they intend to dismiss with prejudice the remaining claims in this case once they reach an agreement on attorneys' fees.  *Id.* at 4.

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee."  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees.  *Lynn's Food Stores*, 679 F.2d at 1354.

2

## I.  BONA FIDE DISPUTE

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists.  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010).  To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.  *Collins v. Sanders Farms, Inc.,* 568 F. Supp. 2d 714, 718 (E.D. La. 2008).  The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement.  *Id*. at 719-20.

Plaintiffs claim that they are entitled to compensation for unpaid wages because they worked more than forty hours per week in defendants' restaurants without receiving overtime compensation.  Docket No. 1 at 4-5.  Defendants, on the other hand, argue that plaintiffs are not entitled to overtime wages because defendants scheduled plaintiffs' work shifts according to the fluctuating workweek doctrine, which limits the recovery of overtime wages.  Docket No. 21 at 3-4.  Plaintiffs dispute that the fluctuating workweek applies to their claims, but recognize that the fluctuating workweek doctrine can be a valid defense.  *Id*. at 4.  Because the parties disagree on the proper mechanism to compute plaintiffs' hours and disagree about whether defendants'

defense is applicable to the issues in this case, the Court finds that the parties are engaged in a bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1354.

## II.  FAIR AND REASONABLE

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. Although Fed. R. Civ. P. 23 does not control collective actions under FLSA, many courts have adopted Rule 23's procedures by analogy in exercising their discretion to manage FLSA cases. *See Collins*, 568 F. Supp. 2d at 721 (listing cases).  The Tenth Circuit considers the following factors when deciding whether to approve a class action settlement under Fed. R. Civ. P. 23(e): (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Under the terms of the settlement agreement, defendants agree to provide plaintiffs with $32,601.10 in damages.  Docket No. 21-1 at 2.  According to the parties, this amount reflects more than plaintiffs could recover had the Court found that the fluctuating workweek doctrine applied, but less than the amount plaintiffs could recover had the Court found that plaintiffs were entitled to liquidated damages.  Docket No. 21 at 3.  Although defendants dispute the factual basis of plaintiffs' claims, the parties believe that the value of immediate recovery represented in the settlement agreement

4

outweighs the value of a possible recovery after protracted litigation.  Moreover, plaintiffs and defendants are represented by experienced counsel who believe that the settlement is fair and reasonable.  Based on the foregoing, the Court finds that the evidence suggests that the parties fairly and honestly negotiated the settlement.

Next, the Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power.  To determine whether a settlement agreement complies with the FLSA, courts look at the following factors: (1) presence of other similarly situated employees; (2) a likelihood that plaintiffs' circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA. *Dees*, 706 F. Supp. 2d at 1244.  The record shows that no other similarly situated employees have sought to join this action.  In addition, the settlement agreement does not prospectively waive plaintiffs' FLSA rights, *Lynn's Food Stores*, 679 F.2d at 1352, and there is no evidence that defendants' alleged failure to comply with the FLSA represents a continuing violation or is part of widespread conduct.  Because the terms of the settlement agreement are public, this case would give notice to future plaintiffs of prior allegations of defendants' improper conduct.  *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases). Given that plaintiffs no longer work for defendants, there is little likelihood that they will be subject to the same working conditions that gave rise to the issues in this case. Accordingly, the Court finds that the settlement agreement is fair and reasonable.

### III.  ATTORNEYS' FEES

The parties' settlement agreement states that they are working towards an agreement with regard to attorneys' fees.  Docket No. 21 at 4.  The parties note that, should they fail to reach an agreement, they will file a petition for attorneys' fees with the Court.  *Id*.  Given that plaintiffs' settlement award is not affected by the possible award of attorneys' fees, the Court finds that there is no conflict of interest between plaintiffs' interests and that of their attorneys.  Therefore, the Court will approve the parties' settlement agreement.

For the foregoing reasons, it is

**ORDERED** that the Joint Motion for Approval of Settlement Agreement [Docket No. 21] is **GRANTED**.  It is further

**ORDERED** that, no later than May 3, 2013, the parties shall file a report regarding the status of the remaining claims in this case.

DATED April 25, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge